# CASES

IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF OXFORD, MAY TERM, 1841.

---

## James Evans & al. vs. James Osgood & al.

An illegal partition of lands, held by the proprietors of a township as common lands, does not give such seizin to one to whom a portion was thus assigned, as to enable him to recover against one in possession without title.

Where it is required that a proprietor's meeting shall be called "by a petition signed by twelve of them at least," a less number than twelve proprietors cannot legally call a meeting, although they may own twelve rights or shares.

Where a statute provides that the proprietors may by vote direct the mode of calling meetings, and where they vote, that the petition for the warrant, and the warrant issued thereon, shall contain each article to be acted upon at the meeting, no legal partition of the proprietor's lands can be made under a general article — "to transact any other business said proprietors may think proper, when met."

The seizin of land thus held is in the propriety, and the several proprietors own only as corporators. No individual proprietor can, therefore, maintain a writ of entry for his share of the land, until it is legally assigned to him to hold in severalty.

Writ of entry to recover a tract of land in *Fryeburg*. The land originally belonged to the proprietors of *Fryeburg*. The demandants contended, that the land in controversy was assigned by the proprietors to *David Evans* their ancestor, in 1821, to hold in severalty. To prove this they offered the records of the proprietors of *Fryeburg*, and the original application and warrant to call the meeting at which the assignment was alleged to have been

made. The application was signed but by eleven proprietors. There were the same three articles in the application and the warrant. 1. To choose a Moderator. 2. To see if the proprietors would release a tract of land, different from the demanded premises, to the town for a training field, meeting-house and burying ground. 3. "To transact any other business said proprietors may think proper when met." On *Sept.* 19, 1774, the proprietors of *Fryeburg* passed a vote as follows.. " Voted and determined that in future all meetings of the proprietors of said township shall be called in the following manner, viz. Whenever hereafter any of said proprietors shall think a proprietors' meeting is necessary, they shall apply to their clerk by a petition signed by twelve of them at least, which petition shall contain not only their request that he issue his warrant for warning such meeting, but each article such warrant shall contain, for said proprietors, (when met,) to act upon. And said clerk in pursuance thereof shall issue his warrant for warning said meeting by posting up," &c.

The counsel for the defendant objected to the admission and sufficiency of the application and the warrant, and contended, that no legal meeting of the proprietors could have been holden under them — first, because the application was not signed by twelve proprietors — and second — because the application and warrant contained no article under which the proprietors could legally act to divide and assign their undivided and unappropriated lands.

The demandants' counsel contended, that the true construction of the vote was, that the term twelve proprietors meant the owners of twelve rights, the township being divided into sixty-four ; and offered to show the records of three meetings, held in 1797, 1798, and 1799, that the warrants for calling those meetings recited, that " whereas application had been made by the owners of more than twelve sixty-fourth parts of the common and undivided lands in the township of *Fryeburg*." The plaintiffs' counsel also contended, that the third article in the warrant was sufficient ; and that the objection could not be made by the defendant, who had not proved or offered proof, that he claimed to hold the land under said proprietors, or under any one of them.

SHEPLEY J. before whom the trial was, ordered a nonsuit, subject to the opinion of the whole Court.

*Deblois*, for the demandant, argued in favor of the positions taken at the trial, and cited *Colman* v. *Anderson*, 14 *Mass. R.* 105.

*Howard*, for the defendant, argued in support of the objections made at the trial, and cited 2 *Mass. Laws*, 995, 1035 ; 2 *Stark. Ev.* 563 ; 14 *Mass. R.* 20 ; 7 *Greenl.* 146 ; 9 *Pick.* 23 ; 13 *Pick.* 24.

In answer to the objection, that the tenant could not set up in defence the want of title in the demandant, it was said, that mere possession was sufficient against one without title. It is only where a *prima facie* case is made out by the demandant, that the principle applies. *Stearns on Real Actions*, 233, 239 ; 6 *Mass. R.* 419 ; 4 *Pick.* 156 ; 16 *Pick.* 186.

The opinion of the Court was by

WESTON C. J. — The demandants must prevail, if at all, upon the strength of their own title. They are bound to prove the seizin, upon which they declare. They rely upon the assignment of the lot in question, by the *Proprietors of Fryeburg*, to the original right of *David Evans*, the elder, their ancestor. If the assignment was a regular corporate act of that propriety, their title is legally deduced. To the validity of this act, two things are essential ; that the meeting should be duly called, and that there should be an appropriate article in the warrant.

The general law had prescribed the mode of calling these meetings, and had also invested such proprieties with the power of determining in what manner future meetings should be called. 2 *Mass. Laws*, 995, 1035. In pursuance of this power, this propriety appointed the mode which appears by their vote, set forth in this case. The application was to be made and signed by twelve at least of the proprietors. The vote contains no reference whatever to the amount of proprietary interest, which would justify the movement. To decide that one proprietor, if he was the owner of twelve shares, could require the calling of a meeting, would do violence to the plain intent and meaning of the vote. It manifestly required, that there should be twelve signatures to the application. And this provision became a law to the corporation, with which we have no power to dispense. It results, that the applica-

tion, not being made by the requisite number, the meeting had no regular legal existence.

The same vote further required, that the application should embody each article, upon which the proprietors were to be called to act. The only sensible construction, which can be given to this clause is, that it should call the attention of the proprietors to the particular subjects, intended to be brought before them. In the application under consideration, there was no allusion to any contemplated division or assignment of land to the individual proprietors. It is supposed to be embraced under the third article, which was to transact any other business, the proprietors might think proper. To sustain this construction, would defeat altogether the clause in their by-laws referred to, and remove entirely the necessity of any specification whatever. In our judgment therefore, the assignment was not justified by the warrant, if the meeting had been legally called.

The seizin of the land in controversy remains in the propriety. The several proprietors have a right, which they can enjoy only as corporators. It would defeat the object of their association, to suffer any one to interfere as an individual, at least until his interest should be severed by partition.

*Nonsuit confirmed.*